1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GUILLERMO MENDOZA,

11              Plaintiff,              No. CIV S-11-3051 EFB P

12        vs.

13   R. MIRANDA, et al.,
                                       ORDER AND
14              Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18   pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20   **I.     Request to Proceed In Forma Pauperis**

21        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Dckt. No. 4.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

23   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

24   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   ////

1

## II.      Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

**III.     Screening Order**

The court finds that for the limited purposes of § 1915A screening, the complaint states a cognizable Eighth Amendment deliberate indifference to medical needs claim against defendants Miranda and Swingle.

Also named as a defendant is the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff's claims against CDCR must be dismissed because CDCR is immune from suit under the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

Accordingly, it hereby is ordered that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Service is appropriate for defendants Swingle and Miranda.

4.  The Clerk of the Court shall send plaintiff two USM-285 form, one summons, an instruction sheet and one copy of the November 17, 2011 complaint.

5.  Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 form and three copies of the endorsed November 17, 2011 complaint.

////

////

1    6.  Upon receipt of the necessary materials, the court will direct the United States

2    Marshal to serve defendants Swingle and Miranda pursuant to Federal Rule of Civil Procedure 4

3    without payment of costs.  Failure to comply with this order will result in this action being

4    dismissed.

5    7.  The Clerk of the Court shall randomly assign a United States District Judge to this

6    action.

7    Further, IT IS HEREBY RECOMMENDED that defendant CDCR be dismissed from

8    this action as immune from suit.

9    These findings and recommendations are submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

14   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

15   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16   Dated:  May 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE