IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUILLERMO MENDOZA,

       Plaintiff,                    No. 2:11-cv-3051 GEB EFB P

vs.

R. MIRANDA, et al.,

       Defendants.               FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks the issuance of a preliminary injunction mandating that defendants Swingle and Miranda provide medical treatment for plaintiff's broken fibula, and in particular that they provide him with a cast, electric shock therapy, and a specialized brace. Dckt. No. 2. For the reasons stated below, plaintiff's motion for a preliminary injunction must be denied.

      A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter,*

*Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another--survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

This case proceeds on plaintiff's claims that defendant Miranda and Swingle acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. A plaintiff's general disagreement with the treatment he received is not enough to establish deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over another is also insufficient, by itself, to establish deliberate indifference. *Jackson*, 90 F.3d at 332. Rather, the plaintiff must show that the course chosen by the defendants was medically unacceptable under the circumstances. *Jackson*, 90 F.3d at 332.

////

The court cannot, based on plaintiff's lay opinion as to how to properly treat his broken fibula, find that he is likely to prevail on the merits and that he will likely suffer irreparable harm in the absence of an order directing defendants to provide him with a cast, electric shock therapy, and a specialized brace. Plaintiff has not offered evidence demonstrating that defendants' treatment for his injury is "medically unacceptable under the circumstances . . . and that [defendants'] chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson*, 90 F.3d at 332. Thus, at this stage in the litigation, plaintiff has not shown that his preferred course of treatment amounts to more than a difference in opinion as to the nature and extent of plaintiff's condition and the methodology of treatment. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (a difference in opinion between medical personnel does not amount to deliberate indifference).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (Dckt. No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 2, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE